## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kermit S. Bayless,

     Plaintiff

v.

Board of Trustees of the Clark County School District,

     Defendant

Case No.: 2:22-cv-00335-JAD-NJK

**Order Granting CCSD's Motion to Dismiss with Limited Leave to Amend by November 4, 2022**

[ECF No. 10]

     Pro se plaintiff Kermit Bayless sues the Clark County School District (CCSD) Board of Trustees for violations of his civil rights, alleging that he suffered discrimination based on his race and age when CCSD failed to hire him when he first applied and, though he was hired three years later, placed him on the district's transitional-salary schedule instead of the professional-salary table, resulting in lower compensation. CCSD moves to dismiss, arguing that Bayless has failed to state a claim and, regardless, his claims are time-barred. I find that CCSD has demonstrated that Bayless's § 1983 claims are time-barred and that his state discrimination claims fail to state a claim for relief. So I dismiss both of those claims with prejudice and without leave to amend. But because Bayless does not include sufficient facts in his complaint for the court to analyze the timeliness of his Title VII and ADEA claims, I dismiss those claims without prejudice and with leave to amend by November 4, 2022.

### Background

     Bayless, a former employee and teacher at CCSD and the Oakland Unified School District, applied online for a full-time teaching position with CCSD on September 14, 2014.[1]

---

[1] ECF No. 7 at ¶¶ 6, 7, 13.

Over the next several months, CCSD and Bayless had disputes over his submitted references, which resulted in CCSD's rejection of his application on January 6, 2015.[2]  After Bayless made two requests for additional review, CCSD again rejected his application.[3]  On April 23, 2015, Bayless filed an employment-discrimination complaint against CCSD with the Nevada Equal Rights Commission (NERC), alleging age and race discrimination for its failure to hire him.[4]

Bayless was eventually hired by CCSD on June 29, 2017.[5]  Two years later, Bayless discovered that two younger colleagues hired in the same year he was had their salaries matched with those of their previous positions while his salary was not matched with his base salary at the Oakland Unified School District.[6]  Bayless alleges that this pay discrepancy was the result of his placement on the district's transitional-salary schedule rather than the professional-salary table due to his three-year employment gap while applying for jobs with CCSD.[7]  Bayless filed a complaint with the Nevada Equal Rights Commission (NERC) on November 20, 2021, for race and age discrimination stemming from his salary placement.[8]  He filed this action on February 23, 2022, against CCSD for (1) the deprivation of his due-process rights under 42 U.S.C. § 1983, (2) race discrimination under Title VII of the Civil Rights Act of 1964 based on CCSD's failure to hire him and for his salary placement, (3) age discrimination under the Age Discrimination in

---

[2] *Id.* at ¶¶ 19, 20.

[3] *Id.* at ¶¶ 21, 37, 39.

[4] *Id.* at ¶ 35; *see also id.* at 46 (Exhibit 22).

[5] *Id.* at ¶ 54.

[6] *Id.* at ¶ 56.

[7] *Id.* at ¶¶ 57, 58.

[8] *Id.* at ¶ 67; *see also id.* at 77 (Exhibit 42).

Employment Act (ADEA) based on CCSD's failure to hire him and for his salary placement, and (4) violations of the Nevada Discrimination Act (NRS 613.333).

### Legal Standards

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[9] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[10] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[11] A complaint that fails to meet this standard must be dismissed.[12]

But federal courts must also interpret all pleadings "so as to do justice,"[13] and the Supreme Court has consistently held that pro se pleadings like Bayless's are "to be liberally construed."[14] So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."[15] If the court grants a motion to dismiss for failure to

---

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[12] *Id.* at 570.

[13] Fed. R. Civ. P. 8(e).

[14] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[15] *Id.* (cleaned up).

state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[16]

Dismissal may also be appropriate if a claim is clearly time-barred. A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[17] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[18]

**Discussion**

**I.     Bayless's § 1983 claim is time-barred.**

Bayless's first claim is for the deprivation of his due-process rights under 42 U.S.C. § 1983. Federal courts apply the forum state's personal-injury statute of limitations for § 1983 claims.[19] In Nevada, that applicable statute of limitations is two years.[20] "Federal law, however, governs when a claim accrues."[21] Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action.[22] The accrual date of a § 1983 claim thus "depends upon the substantive basis of the claim."[23]

---

[16] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[17] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

[18] *Id.*

[19] *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

[20] Nev. Rev. Stat. § 11.190(4). *See Tidmarsh v. Nye Cnty.*, 754 F. App'x 642 (9th Cir. 2019).

[21] *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

[22] *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

[23] *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (disagreed with on other grounds by *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1152 (9th Cir. 2003)).

Bayless alleges that CCSD's failure to hire him and place him on the professional-salary table violated his due-process rights.[24]  This claim accrued more than two years before Bayless filed this action.  Based on the allegations in the complaint, Bayless knew or had reason to know of CCSD's alleged failure to hire him by at least April 23, 2015—the date on which he filed a charge of discrimination with NERC and the Equal Employment Opportunity Commission (EEOC).[25]  With a two-year statute of limitations, the deadline to file his § 1983 claim was April 23, 2017.  Because Bayless waited more than four-and-a-half years after the limitations period expired to file this suit, his § 1983 claim is time-barred.  Even if I assume Bayless meant to plead his second charge—his allegedly discriminatory salary placement—as the underlying cause of action, his § 1983 claim would still be untimely.  Bayless discovered the salary discrepancy "on or after August 3, 2019."[26]  He thus had until August 3, 2021, to bring that §1983 claim. Because Bayless filed this lawsuit on February 23, 2022, more than nine months after this deadline ran, the claim is untimely.

Bayless alternatively contends that any delay in bringing his claims was the result of excusable neglect, so the court should extend these limitation periods under Federal Rule of Civil Procedure (FRCP) 6(b)(1)(B).  This rule permits the court to extend deadlines set by rule or court order only.  Although the Ninth Circuit has not specifically addressed this issue, the D.C. Circuit and Sixth Circuit have both held that "motions under [FRCP] 6(b) cannot extend statutory time limits"[27] because Rule 6(b) applies only to procedural steps established "by order of court . . .

---

[24] Bayless fails to identify when or how CCSD violated any of his substantive or procedural due-process rights and thus also fails to state a § 1983 claim.  But because his claim is clearly time-barred, I do not address this pleading deficiency.

[25] ECF No. 10-1.

[26] ECF No. 7 at 10.

[27] *Sherrod v. Breitbart*, 720 F.3d 932 (D.C. Cir. 2013).

1  [rather than those] set out in the statute creating the right of action."[28]  I find this authority

2  persuasive and adopt it.  I thus find that FRCP 6 does not provide a vehicle for extending the

3  statutory limitations periods for any of Bayless's claims.  Since Bayless cannot rely on FRCP

4  6(b) to extend time and does not plead any facts that would indicate that the statutory period

5  should be tolled, I find that his § 1983 claim is time-barred.

6  **II.    Bayless fails to state a claim under NRS 613.333.**

7        Bayless also pleads a claim for a violation of Nevada Revised Statute (NRS) 613.333,

8  which prohibits an employer from discriminating against a prospective or current employee

9  "because the employee engages in the lawful use in this state of any product outside the premises

10 of the employer during the employee's nonworking hours . . ."[29]  The only allegation in support

11 of this claim in Bayless's complaint is that the "[d]efendants . . . have failed and/or refused (and

12 are continuing to refuse) to comply with [his] request to be placed on the salary schedule

13 befitting his status, and . . . delayed his employment prospects for two years before that."[30]

14 CCSD moves to dismiss this claim because Bayless has pled no factual allegations about the use

15 of a product outside of business hours.[31]  In his response, Bayless fails to address the NRS

16 613.333 claim whatsoever.  Because Bayless pleads no facts to support an NRS 613.333 theory,

17 and he has not indicated that he has any such facts, I dismiss the claim with prejudice and

18 without leave to amend.

19 _____

20 [28] *U.S. ex rel. & for Use of Tenn. Val. Auth. v. Easement & Right-of-Way over Certain Land in Cumberland Cnty., Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967).  Various district courts within the Ninth Circuit have also agreed with this implementation of FRCP 6(b).  *See Yordy v. Astrue*, 2010 WL 653099 (N.D. Cal. Feb. 22, 2010); *Parker v. Marcotte*, 975 F. Supp. 1266, 1269 (C.D. Cal. 1997), *rev'd on other grounds*, 198 F.3d 254 (9th Cir. 1999).

22 [29] Nev. Rev. Stat. § 613.333.

23 [30] ECF No. 7 at 16.

[31] ECF No. 10 at 13.

**III.    Bayless's Title VII and ADEA claims are inadequately plead and arguably untimely.**

    **A.    Bayless's Title VII and ADEA claims fail to state a claim for relief.**

Bayless alleges that CCSD discriminated against him based on race and age in violation of Title VII and the ADEA by failing to hire him and by placing him on a salary schedule not "befitting his status."[32]   To plead a Title VII employment-discrimination claim, "the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably."[33]   To establish an age-discrimination claim under the ADEA, a plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision."[34]   "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor."[35]

In his response, Bayless fails to address the argument in CCSD's motion to dismiss that he has not established a plausible failure-to-hire claim based on age or race, and a review of his complaint easily reveals its deficiencies in this regard.   Bayless offers only conclusory statements or vague trends in support of his failure-to-hire race-discrimination claims.   He avers only that CCSD has a substantial number of open teaching positions and that, both nationally and in the district, there have been declining numbers of African American teachers.[36]   He includes no facts

---

[32] ECF No. 7 at 15, 16.

[33] *Chuang v. Univ. of California Davis, Bd. of Tr.*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[34] *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 176 (2009).

[35] *Id.* at 174.

[36] ECF No. 7 at ¶¶ 11, 12.

showing how his hiring decision was affected by his race, nor does he satisfy the fourth Title VII element by offering facts suggesting that similarly situated, non-African American individuals were treated more favorably in the hiring process.[37]  And general statistical trends on teacher demographics are insufficient on their own to plead a Title VII claim.  "To establish a prima facie case based solely on statistics . . . the statistics 'must show a stark pattern of discrimination unexplainable on grounds other than [the protected class].'"[38]  Bayless's statistics do not account for variables other than race that may have also affected teacher hirings, so those trends are insufficient to state a prima-facie claim for race discrimination under Title VII.

Bayless's allegations of age discrimination are similarly deficient.  Indeed, Bayless admits that "[he] can only presume that [he] know[s] the true motivation and/or justification for the [d]efendants in deciding to follow the course of conduct detailed [in his complaint]."[39] Because the ADEA requires age to be the but-for cause of an employer's adverse employment decision, a plaintiff must plead more than a presumption of age discrimination to state an ADEA-discrimination claim.[40]  So I dismiss Bayless's failure-to-hire claims, but I do so with leave to amend if he can plead additional, specific facts showing race or age discrimination in CCSD's hiring.

Bayless also fails to plead either a Title VII or ADEA claim for improper compensation because the supporting facts offered in his complaint are not discrete discriminatory acts separate

---

[37] *Chuang*, 225 F.3d at 1123.

[38] *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283 (9th Cir. 2000).

[39] ECF No. 7 at 14.

[40] *Gross*, 557 U.S. at 176.

from his failure-to-hire claims.[41]   In his complaint, Bayless theorizes that "it's conceivable [his] starting pay would have exceeded [his previous base salary] had [he] been hired in a timely manner . . . ."[42]   Indeed, Bayless admits understanding that his salary assignment was due to his gap in employment, stating that "[o]n October 28, 2019, [he] wrote salary[-]placement officer K. Gragson about the salary placement and acknowledged the three-year gap because of CCSD['s] age discrimination in hiring."[43]   But Bayless pleads no facts from which the court can infer that his placement on the transitional-salary schedule was due to his race or age or that the salary schedule itself is discriminatory.   Rather, Bayless's complaint confirms that the but-for cause of his salary placement was the three-year employment gap caused by CCSD's alleged failure to hire him.   Bayless thus cannot state a claim for relief under Title VII or the ADEA based on his salary placement because it would not be a cause of action separate from his time-barred failure-to-hire claims.   Even if he could, the allegations are too thin to state such a claim.   So I dismiss these claims with leave to amend if Bayless can plead additional facts to state prima facie claims for Title VII and ADEA violations.

### B.   Bayless fails to plead sufficient facts to demonstrate that his Title VII and ADEA claims are timely.

"Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred."[44]   A claimant can

---

[41] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (holding that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").

[42] ECF No. 7 at ¶ 57.

[43] *Id.* at ¶ 59.

[44] *Laquaglia v. Rio Hotel & Casino, Inc*., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e)(1)).

also initiate proceedings "with a State or local agency with authority to grant or seek relief . . . within three hundred days after the alleged unlawful employment practice occurred" to be timely.[45]  If a charge filed with the EEOC is dismissed, the EEOC "must notify the claimant and inform [him] that [he] has ninety days to bring a civil action . . . . If a litigant does not file suit within ninety days '[of] the date EEOC dismisses a claim,' then the action is time barred."[46]  The limitations period begins when "a right-to-sue notice letter arrived at the claimant's address of record."[47]  If the date of arrival is unknown, the Ninth Circuit has adopted a presumption of a claimant's receipt three days after issuance of notice.[48]  Title VII's charge-filing requirement is a "mandatory claim-processing rule" that "a court must enforce . . . if a party properly raises it."[49]

CCSD argues that Bayless's Title VII and ADEA claims fail for the additional reason that they are untimely.[50]  It contends that the EEOC issued right-to-sue letters for the acts that Bayless complains of on April 11, 2017, and November 23, 2021, so his deadlines to file his various claims were July 13, 2017, and February 21, 2022,[51] but he missed both deadlines because this action wasn't filed until February 23, 2022.[52]  Bayless does not plead sufficient facts in his complaint to allow the court to determine if his Title VII or ADEA claims were timely

---

[45] 42 U.S.C. § 2000e–5(e)(1); *see also Howe v. Washoe Cnty. Sheriff's Off.*, 807 F. App'x 683, 684 (9th Cir. 2020) (unpublished) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 814–17 (1980)).

[46] *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing 42 U.S.C. § 2000e–5(f)(1)).

[47] *Id.* at 1122.

[48] *Id.* at 1125.

[49] *Fort Bend Cnty v. Davis*, 139 S. Ct. 1843, 1849, 1851 (2019) (cleaned up).

[50] ECF No. 10 at 8–11.

[51] *Id.* at 9.

[52] *Id.*; *see also* ECF No. 1.

filed.  He alleges only that he filed an "employment[-]discrimination complaint against CCSD on April 23, 2015,[53] and that he filed a complaint with the EEOC on November 20, 2021.[54]  He does not state if or when he received the EEOC letters informing him of his right to sue.  So if Bayless chooses to file a third amended complaint to cure the deficiencies I've identified in this order, he must also include true allegations about if and when he received the EEOC right-to-sue letters.

### Conclusion

IT IS THEREFORE ORDERED that CCSD's motion to dismiss **[ECF No. 10] is GRANTED**.  Bayless's § 1983 and NRS 613.333 claims are **DISMISSED with prejudice and without leave to amend** because amendment would be futile**.**  IT IS FURTHER ORDERED that Bayless's Title VII and ADEA claims are **DISMISSED without prejudice and with leave to amend by November 4, 2022.**  If Bayless does not file an amended complaint by November 4, 2022, this case will be dismissed and closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
October 4, 2022

---

[53] ECF No. 7 at ¶ 35 (cleaned up).

[54] *Id.* at ¶ 42; *see also id.* at 77 (Exhibit 42).