UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Kermit S. Bayless, | Case No.: 2:22-cv-00335-JAD-NJK |
|---|---|
| Plaintiff | |
| v. | **Order Granting Defendant's Motion to Enforce Order and Closing Case** |
| Board of Trustees of the Clark County School District, | [ECF No. 19] |
| Defendant | |

Pro se plaintiff Kermit Bayless sued the Clark County School District (CCSD) Board of Trustees for violations of his civil rights, alleging that he suffered discrimination based on his race and age when the school district failed to hire him when he first applied and, after later doing so, placed him on its transitional-salary schedule instead of the professional-salary table, resulting in lower compensation.[1]  I granted the board's motion to dismiss but gave Bayless leave to amend his Title VII and ADEA claims by November 4, 2022.[2]  I warned him that failing to file an amended complaint by the deadline could result in the complete dismissal of his case.[3] Bayless missed the deadline, did not otherwise move to extend time, and still has not filed an amended complaint.

On March 1, 2023, the board moved to enforce that order and dismiss and close this case.[4]  Bayless opposes that motion and now asks for an extension of time, arguing that he inadvertently missed the amendment deadline because of emotional, mental, and physical stress

---

[1] ECF No. 1.
[2] ECF No. 17.
[3] *Id.* at 11.
[4] ECF No. 19.

caused by "[i]nvestigatory [c]onferences" conducted "under the auspices of the CCSD."[5]  I deny Bayless's request to extend time because he has not shown that his failure to file a third-amended complaint—now more than nine months late—was due to excusable neglect.  So I grant the board's motion and dismiss and close this case.

**Discussion**

**I.      Dismissal is appropriate for Bayless's failure to file viable claims.**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[6]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[7]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Bayless's claims.  He was given one month to file an amended complaint with the warning that his failure to do so could

---

[5] ECF No. 20 at 1.

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

result in the complete dismissal of his case.[9]  Yet Bayless took no action for five months, prolonging the resolution of this case.  The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[10]  And Bayless's delay was inexcusable: aside from vague allegations of stress and medical issues that he attributes to the defendant, Bayless doesn't explain what actions he took during the relevant time periods or why he failed to request additional time to amend his complaint or otherwise communicate with the court.[11]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[12]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[13]  The only alternative here would be to enter a second order setting another deadline and waiting to see whether Bayless will—or even can—file a viable amended complaint.  But there is nothing to indicate that further extending his

---

[9] ECF No. 17 at 11.

[10] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[11] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming finding of unreasonable delay because plaintiff failed to discuss what actions he took prior to a court order or why he failed to respond or communicate with the court about his delay).

[12] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan*, 291 F.3d at 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*.)

[13] *Henderson*, 779 F.2d at 1424.

deadline would move this case forward because Bayless has not explained how long he needs to complete his amended complaint or what plans he has to do so, and he hasn't communicated with the court since his opposition brief more than five months ago. I thus find that setting another deadline is not a meaningful alternative, so the fifth factor also favors dismissal.

**II.     Bayless's belated request for an extension of time is denied because he has not shown that his delay was due to excusable neglect.**

Bayless states that the court has previously granted him an "extension of the November 4, 2022, deadline to March 15, 2023."[14] But the record is devoid of any motion Bayless made to extend time, nor does it show any order granting him this relief. He next asks the court to "consider Fe[d.] R. Civ. P. Rule 6(b)(1)(B) as a motion for excusable[neglect] relief," citing the Ninth Circuit case *Pincay v. Andrews* and the Supreme Court case *Pioneer Investment Services Co. v. Brunswick Associates*.[15] I liberally construe[16] this argument as a motion to extend Bayless's deadline to amend his complaint.

Bayless argues that he missed the deadline because of "emotional, mental, and physical stress caused by CCSD" allegedly subjecting him to six "[i]nvestigatory [c]onferences" that led to his temporary suspension from work, "the need for surgery[,] and having to take prescribed mood-altering medication."[17] Rule 6(b) allows courts to extend time for litigants demonstrating good cause "on a motion made after the time has expired if the party failed to act because of

---

[14] ECF No. 20 at 1.

[15] *Id.* at 2 (citing *Pincay v. Andrews*, 389 F.3d 853, 854–855 (9th Cir. 2004); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[16] Courts must construe pro se motions and pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[17] ECF No. 20 at 1–2.

4

excusable neglect."[18] The determination of whether neglect is considered excusable "'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[19] Courts should consider "'the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"[20]

      I find that Bayless has not shown that his failure to amend his complaint by the deadline or timely seek an extension of that deadline is a product of excusable neglect. Though Bayless is acting pro se, the Ninth Circuit has held that "[p]ro se litigants must follow the same rules of procedure that govern other litigants,"[21] so they must become familiar with, and follow, the rules of this court. Bayless had one month to file his amended complaint, failed to do so, and only requested an extension in response to the defendant's motion many months later.[22] As the board points out, its initial challenge to Bayless's Title VII and ADEA claims was that they were untimely, "so allowing [Bayless] to continue to be dilatory about filing deadlines" would prejudice the defendant by hampering discovery in a lawsuit stemming from a hiring action performed more than six years ago.[23] Also unavailing are Bayless's vague and conclusory statements attributing his need for surgery and medication to the stress from investigatory

---

[18] Fed. R. Civ. P. 6(b)(1)(B).

[19] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

[20] *Id.* (quoting *Pioneer*, 507 U.S. at 395).

[21] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys).

[22] *See* ECF No. 21 at 2.

[23] *Id.* at 2–3.

conferences conducted by "affiliate Keller Middle School administrative staff, under the auspices of CCSD."[24]  These unsupported allegations do not show or explain how Bayless failed to act for five months due to excusable neglect.  Plus, Bayless has still not filed an amended complaint in the five months since his last action on the docket, so he is now nine months past the court's deadline to do so.  Even if Bayless had been granted the extension he requested, that deadline would have passed long ago by this point.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motion to enforce the order to dismiss **[ECF No. 19] is GRANTED**.  This case is **DISMISSED**.  Bayless's request to extend time to amend his complaint is **DENIED**.  The **Clerk of Court** is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
August 21, 2023

---

[24] ECF No. 20 at 1.